IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Criminal Action No. 23-49-CFC-1 |
| DWAYNE FOUNTAIN, | |
| Defendant. | |

## MEMORANDUM ORDER

The Superseding Indictment in this action charges Defendant Dwayne Fountain with eleven counts of federal drug offenses and one count of possession of a firearm by a convicted felon. D.I. 17. Pending before me is Fountain's motion to suppress any evidence obtained directly or indirectly from a wiretap of a phone referred to as "Target Telephone 1" and "TT1." D.I. 70. The order authorizing the challenged wiretap was issued on March 24, 2023 by Judge Andrews. The application for the wiretap application was supported by an 86-page affidavit submitted by DEA Task Force Officer (TFO) Christopher Solda. D.I. 70-1.

In support of his motion, Fountain argues among other things that TFO Solda's affidavit did not demonstrate "necessity" to intercept the communications

of TT1. D.I. 70 at 33–39. Under 18 U.S.C. § 2518(1)(c), the government must demonstrate "necessity" when applying for a wiretap authorization. *United States v. Bailey*, 840 F.3d 99, 113–14 (3d Cir. 2016). To satisfy this requirement, the application for the wiretap must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous[.]" 18 U.S.C. § 2518(1)(c).

The government filed a brief in opposition to Fountain's motion. D.I. 79. Here is the entirety of the government's substantive response to Fountain's contention that the affidavit submitted in support of the challenged wiretap application did not demonstrate "necessity" to intercept the communications of TT1:

> Here, the Affidavit clearly explained why wiretapping TT1 was necessary and provided in-depth detail as to how normal investigative measures were insufficient to meet the goals of the investigation. Broadly, given the history of Fountain and his associates with criminal narcotics cases, these target subjects were very aware of law enforcement, and normal investigative techniques risked revealing the investigation without bearing fruit. That underlying concern echoes throughout the necessity section.
> The Motion's main critique of necessity is at odds with the probable cause section. D.I. 70 at 25. The theme is that law enforcement had so much knowledge of the organization that it did not need a wiretap to make a

2

> case against Fountain and his co-conspirators. That is not the case. Rather, the Affidavit's central theme is consistent: Fountain was a sophisticated, high-level drug dealer whose close-knit drug network proved difficult to penetrate. Sufficient evidence demonstrated that Fountain was a high-level drug-dealer with an ongoing and exclusive drug operation facilitated by TT1 (probable cause), but through his prior law enforcement interactions, he knew how to evade normal investigative methods, and therefore more extraordinary methods were necessary (necessity).
>
> * * * *
>
> The Court's determination should be made based on the four corners of the wiretap affidavit, so the Court should deny the Motion without a hearing. Because the wiretap affidavit for TT1 satisfied the necessity requirement of 18 U.S.C. § 2518(1)(c), the Court should not suppress the interceptions.

D.I. 79 at 17–19.

The government's response is conclusory to say the least. It contains no discussion of or citations to specific statements in TFO Solda's 86-page affidavit. The Assistant United States Attorneys (AUSAs) who authored the government's brief are in effect saying: "Take our word for it; the affidavit satisfies the necessity requirement; you're good to deny the Defendant's motion." The AUSAs either don't care if the Defendant's motion is granted or they presume that I will scrutinize TFO Solda's affidavit to find statements that support their conclusory

3

argument. My guess is the latter is the case. The AUSAs are counting on me to do their job for them. But I won't do that.

I was tempted to grant the motion based on the government's woefully inadequate briefing, but that would not serve the interests of justice. Instead, I will give the government until noon on July 29, 2024 to file an amended response to Defendant's necessity argument. No extensions of that deadline will be granted. If no amended response is timely filed, I will grant the pending motion. If an amended response is filed, Defendant's counsel shall notify the Court no later than August 2, 2024 whether he would like to file a reply and, if so, how much time he would like to make that filing.

NOW THEREFORE, at Wilmington on this Twenty-fifth day of July in 2024, it is HEREBY SO ORDERED.

                                                     _____
                                                            CHIEF JUDGE